Judge Underwood,
delivered the opinion of the court.
The court rejected a witness offered by Davis,, upon the ground that he was incompetent, being interested. It is alleged, that the court erred in so doing, and there is no other question in the record.
The offered witness was notexamined on his voir dire. Whitesides proved, that the witness offered, had been heard to say, some years before the trial, that he, the. witness, “was a partner of Davis.” Upon this 'proof, the witness was rejected by the court. ■ It does not appear from the bill of exceptions, that the partnership concerned or related to the claim which Davis was prosecuting against Whitesides, in the smallest degree.
What the scope and objects of the partnership were, if any ever existed, is, not shown.
In the absence of proof, showing the nature of the partnership, it would be a capricious inference, to conclude, that the witness was interested to, the half or any other proportion, of the sum which might be recovered. We are of opinion, therefore,-that the proof was not sufficient to establish the interest of the witness, even if it were permissible, by proving the declarations of a witness, when not on oath, to establish his interest, and thereby, to lay a proper foundation for his exclusion.
We arc, however, of opinion, that no witness should be excluded, as incompetent, on the score of interest merely because he may have declared, when not on oath, that he had án interest. Such a declaration may not be true; in fact, it may proceed from an honest mistake of law or fact, on the part of the’ witness; and he may be convinced, by better information, that his belief of an interest was entirely groundless; or it may proceed from fraud and artifice, with a view to suppress the truth, by excluding a witness, who would, under the sanction of an oath, divulge important facts, which he wishes to conceal. The parties to the suit, have an interest in, and a right to the testimony of all those having knowledge of the facts. To deprive the parties pf the testimony, it must be shown, by competent evi *117 dence, that the witness, from whom the testimony is ex-pectpd, is incompetent to depose. What the witness himself says, when not on oath, is no evidence at all. It is not equivalent to the confession of a party, for many reasons.
The interest ?f a wituess tainecj by. an examination upommr&re, theLot°bynS other witnesses.
Monroe, for plaintiff; Richardson, for defendant.
The interest of a witness is to be ascertained, by an examination upon voir dire, or by calling other witnesses to prove the íact. I he party objecting to the competency of the witness, has his election which mode to adopt; but he cannot pursüe both; Peake, 186. In this case, another witness was called; but the witness, so called, failed to prove the fact, or to prove any fact, from which the interest was clearly inferrible. The witness offered by Davis, was improperly set aside.
Wherefore, the judgment is reversed, and the cause remanded for a new trial, not inconsistent herewith.
The plaintiff in error, must recover his costs, de bonis iestatpris,